IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY J. LOPEZ, and JUSTICE A.
HERNANDEZ, *individually and as the Parent
And Next Friend of A.J.L. and A.L., Minors*,

        Plaintiffs,

v.           No. 1:24-cv-1154-JMR-KRS

RAHUL RANA; ROYAL K. TRUCKING, INC.;
UNITED SPECIALITY INSURANCE; and
DOES 1 to 5,

        Defendants.

## ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court *sua sponte*. Plaintiffs initiated this action in State Court on October 7, 2024, naming as defendants Rahul Rana, Royal K. Trucking, Inc. ("Royal K"), United Specialty Insurance (United Specialty), and Does 1 to 5. Defendant Royal K removed the case to this Court on November 12, 2024. (Doc. 1). The Notice of Removal alleges that both Royal K and United Specialty were served on or about October 11, 2024. (*Id.* at 6). But there is no proof of service in the record, and only Royal K has appeared and filed an answer to the Complaint. *See* (Doc. 3). Moreover, the docket indicates no further action has been taken in the case since Royal K filed its answer on November 12, 2024.[1] In particular, the docket does not reflect that the non-appearing defendants—United Specialty and Rahul Rana—have been served.

Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiffs are required to serve all Defendants within ninety days of filing the complaint. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must*

---

[1] The only additional filing has been a document filed by Plaintiffs on March 7, 2025, titled "Plaintiff's [sic] Corporate Disclosure Statement," in which they assert that "they are individuals and not corporations; therefore no corporate disclosure statement is required under Rule 7.1" (Doc. 7).

dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added). In addition, Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action *sua sponte* for failure to prosecute. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003); *see also* D.N.M. LR-Civ. 41.1 ("A civil action may be dismissed if, for a period of ninety (90) calendar days, no steps are taken to move the case forward."). More than ninety days have passed since the case was removed from state court and there is no indication that Plaintiffs have taken any steps to serve Defendants United Specialty or Rahul Rana.

**IT IS THEREFORE ORDERED** that **on or before March 24, 2025**, Plaintiffs must provide the Court with a written explanation showing good cause why this case should not be dismissed as to Defendants United Specialty and Rahul Rana for failure to serve those defendants within the time prescribed by Rule 4(m).

SO ORDERED this 17th day of March 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE