IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY J. LOPEZ, and JUSTICE A.
HERNANDEZ, *individually and as the Parent
And Next Friend of A.J.L. and A.L., Minors*,

      Plaintiffs,

v.                                                                                      No. 1:24-cv-1154-JMR-KRS

RAHUL RANA; ROYAL K. TRUCKING, INC.;
UNITED SPECIALITY INSURANCE; and
DOES 1 to 5,

      Defendants.

**ORDER QUASHING ORDER TO SHOW CAUSE AND GRANTING EXTENSION OF TIME TO SERVE DEFENDANT RAHUL RANA**

**THIS MATTER** is before the Court after Plaintiffs filed a Response (Doc. 12) to the Court's Order To Show Cause ("OTSC") (Doc. 8). For the reasons that follow, the Court QUASHES the OTSC, and grants Plaintiffs' request for additional time to serve Defendant Rahul Rana.

**Discussion**

On March 17, 2025, the Court issued an order noting that four months had passed since this case was removed from state court yet the docket showed that neither Defendant United Specialty Insurance ("United Specialty") nor Defendant Rahul Rana ("Rana") had appeared in the case and no proof of service on either of those Defendants had been filed. *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court."). Pursuant to Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Accordingly, the Court ordered Plaintiffs to show cause why this case should not be dismissed as to Defendants United Specialty and Rana for failure to serve those Defendants within the time prescribed by Rule 4(m). (Doc. 8 at 2).

### United Specialty Insurance

Immediately after the OTSC was entered, Plaintiffs filed an affidavit of service purporting to show that United Specialty had been served approximately five months earlier, on October 11, 2024. (Doc. 9). Assuming without deciding that United Specialty had been properly served five months earlier, then Plaintiffs failed to show cause why they did not take any action in response to United Specialty's failure to appear in the case and file a timely response to the complaint. *See* D.N.M. LR-Civ. 41.1 ("A civil action may be dismissed if, for a period of ninety (90) calendar days, no steps are taken to move the case forward."); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action *sua sponte* for failure to prosecute).

Nevertheless, the issues of whether service on United Specialty was proper and whether Plaintiffs failed to prosecute their claims against that Defendant were later rendered moot when, on March 18, 2025, United Specialty appeared in the case through the filing of a motion to dismiss for failure to state a claim. (Doc. 11). Plaintiffs' response to the Court's OTSC, filed a few days after United Specialty's appearance, states that their counsel had conferred with United Specialty's counsel, "and the parties agreed to stipulate to dismissal of Defendant United Specialty without prejudice. Defense counsel provided Plaintiffs' counsel with a draft Stipulated Order, which Plaintiffs have approved." (Doc. 12 at 2). The parties' stipulation to dismiss United Specialty as a defendant renders moot the Court's order to show cause as to Plaintiffs' failure to serve and/or failure to

prosecute their claims against United Specialty. Accordingly, the Court QUASHES the OTSC as to service on Defendant United Specialty Insurance.

### Defendant Rana

Plaintiffs' response to the OTSC states that Plaintiffs have made diligent efforts to serve Rana and good cause exists for their failure to serve that Defendant within the ninety-day period prescribed by Rule 4(m). The response describes three attempts in October 2024 to serve Rana at his last known residence, followed by further investigative efforts to determine an alternative address where Rana might be found. Those efforts revealed multiple potential addresses. The Court finds that Plaintiffs have shown good cause for their failure to effectuate timely serve on Rana, and accordingly QUASHES the OTSC as to that Defendant. Further, the Court grants Plaintiffs an additional ninety (90) days to complete service. Plaintiffs shall attempt service at the newly discovered addresses associated with Rana. If those efforts are unsuccessful, Plaintiffs shall promptly seek leave of Court, i.e., before expiration of the additional ninety day period granted herein, to pursue alternative methods of service, such as service by publication or electronic means.

### Conclusion

For the forgoing reasons, **IT IS ORDERED** that

1. The OTSC (Doc. 8) is **QUASHED**.

2. Plaintiffs shall have an additional **ninety (90) days** from entry of this Order to either serve Defendant Rana or seek leave of Court to pursue alternative methods of service on Rana.

SO ORDERED this 2nd day of April 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE